NOTICE: NOT FOR OFFICIAL PUBLICATION
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LUIS ANGEL TOLEDO, *Appellant.*

No. 1 CA-CR 14-0088
FILED 2-3-2015

Appeal from the Superior Court in Maricopa County
No. CR2011-158311-001
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Michael J. Brown joined.

**J O H N S E N**, Judge:

¶1        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), following Luis Angel Toledo's convictions of first-degree burglary, a Class 2 felony; trafficking in stolen property in the first degree, a Class 2 felony; misconduct involving weapons, a Class 4 felony; and possession of burglary tools, a Class 6 felony. Toledo's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (App. 1999). Toledo was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Toledo's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        Carrying a handgun and using a crowbar, Toledo broke into a house and stole several items.[1] A jury convicted him of first-degree burglary (Count 1); trafficking in stolen property in the first degree (Count 2); misconduct involving weapons (Count 3); and possession of burglary tools (Count 4). The court sentenced Toledo to 14 years' incarceration for Counts 1 and 2; 4.5 years for Count 3; and 1.75 years for Count 4, all to be served concurrently.

¶3        Toledo timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031 and -4033 (2015).[2]

## DISCUSSION

¶4        The record reflects Toledo received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages, except when counsel waived his presence. The court held appropriate pretrial hearings. It did not conduct a voluntariness hearing; however, neither Toledo nor the evidence raised a question of

---

[1]        Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Toledo. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2, 986 P.2d 897, 898 (App. 1998).

[2]        Absent material revisions after the date of an alleged offense, we cite a statute's current version.

voluntariness of Toledo's statements. *See State v. Smith*, 114 Ariz. 415, 419, 561 P.2d 739, 743 (1977); *State v. Finn*, 111 Ariz. 271, 275, 528 P.2d 615, 619 (1974).

¶5        The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of 12 members with two alternates. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Toledo was convicted.

## CONCLUSION

¶6        We have reviewed the entire record for reversible error and find none. Therefore, we affirm the resulting convictions and sentences. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.

¶7        After the filing of this decision, defense counsel's obligations pertaining to Toledo's representation in this appeal have ended. Defense counsel need do no more than inform Toledo of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). On the court's own motion, Toledo has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Toledo has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama